# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 25-1536 PA (ADSx) | Date | February 25, 2025 |
|---|---|---|---|
| Title | Tiffani Smith, et al. v. Nature's Truth Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of the Complaint filed by plaintiffs Tiffani Smith and Maggy Gousse (jointly "Plaintiffs"). Plaintiffs' Complaint alleges claims against defendant Nature's Truth Inc. ("Defendant"), and asserts that the Court possesses diversity jurisdiction over the action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1.

To establish diversity jurisdiction under CAFA, a plaintiff must demonstrate, at a minimum, that at least one plaintiff and one defendant are citizens of different states and that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2). A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300–01 (9th Cir. 1989). For purposes of establishing diversity jurisdiction under CAFA, a limited liability company is a citizen of the state where it has its principal place of business and the state under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1536 PA (ADSx) | Date | February 25, 2025 |
|---|---|---|---|
| Title | Tiffani Smith, et al. v. Nature's Truth Inc. | | |

whose laws it is organized.  See 28 U.S.C. § 1332(d)(10); see also Roling v. E*Trade Sec., LLC, 756 F. Supp. 2d 1179, 1184 (N.D. Cal. 2010).

Here, the Complaint alleges each Plaintiff's place of residence but does not allege either Plaintiff's domicile.  (See Compl. ¶¶ 13, 20.)  The Ninth Circuit is clear that residency is physical, whereas domicile is generally a combination of physical presence plus an intention to make a certain definite place one's permanent abode.  See, e.g., Weible v. United States, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth.  Residence is not an immutable condition of domicile.").  Because the Complaint does not adequately allege either Plaintiff's citizenship, Plaintiffs have not satisfied the minimal diversity required for diversity jurisdiction under CAFA.

Accordingly, the Court dismisses Plaintiffs' Complaint for lack of subject matter jurisdiction.  Despite this deficiency, a district court may, and should, grant leave to amend, when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction.  See 28 U.S.C. § 1653; Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1555 (9th Cir. 1987).  Therefore, the Court grants Plaintiffs leave to amend the Complaint to attempt to establish federal subject matter jurisdiction.  Plaintiffs' First Amended Complaint, if any, must be filed by **March 10, 2025**.  The failure to file a First Amended Complaint by that date or to adequately allege the Court's jurisdiction may result in the dismissal of this action without prejudice.

IT IS SO ORDERED.